IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHEESE DEPOT INC., an Illinois corporation,<br><br>Plaintiff,<br><br>v.<br><br>SIROB IMPORTS INC., a New York Corporation,<br><br>Defendant. | Case No. 1:14-cv-1727 |

## COMPLAINT FOR BREACH OF CONTRACT

NOW COMES Plaintiff, CHEESE DEPOT INC., an Illinois corporation ("Cheese"), by and through its attorneys, Demchenko & Kashuba LLC, and in support of its complaint against Defendant SIROB IMPORTS INC., a New York corporation ("Sirob"), states as follows:

### I.  JURISDICTION and VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. §1332 because of diversity of citizenship as the parties to this suit are citizens of different states.

2. The amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs pursuant to the requirements of 28 U.S.C. §1332.

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims made herein occurred in this district.

### II.  PARTIES

4. Plaintiff Cheese is an Illinois corporation whose principal place of business is located at 16 East Old Willow Road, Prospect Heights, Illinois. Cheese is, therefore, considered to be a citizen of the State of Illinois for purposes of diversity jurisdiction.

5. Defendant Sirob is a New York corporation, whose principal place of business is located at 12 Gear Avenue, Lindenhurst, New York. Sirob is, therefore, considered to be a citizen of the State of New York for purposes of diversity jurisdiction.

## COUNT I - BREACH OF CONTRACT

5. On or about July 24, 2007, Cheese entered into an agreement with Sirob agreeing to sell a portion of the Cheese's building along with its certain equipment and inventory ("Contract"). A true and correct copy of the Contract is attached as Exhibit A and incorporated by reference.

6. Pursuant to the Contract, Sirob agreed to pay for the building and equipment eight hundred ten thousand dollars even ($810,000.00) by making its initial deposit in the amount of ten thousand dollars ($10,000.00) and further agreeing that the balance shall be paid within following 8 years with interest in the amount of 7% per annum.

7. Cheese timely performed all of its duties under the Contract by transferring the ownership of the building and equipment to Sirob and/or its authorized agents and timely delivering the agreed upon inventory.

8. Sirob accepted Cheese's deliveries and started making its payments pursuant to the terms of the Contract.

9. Sirob failed to make regular monthly payments to Cheese pursuant to payment schedule under the Contract.

10. Cheese immediately notified Sirob about its breach of Contract and demanded Sirob to continue making payments pursuant to the agreed upon payment schedule. Sirob refused to renew its payments to Cheese.

11.     Sirob made a portion of the payments due and owing under the Contract, but, continues to owe Cheese an outstanding balance of two hundred sixty nine thousand and nine hundred forty two dollars and 72 cents ($269,942.72).

12.     Cheese has made multiple demands upon Sirob to pay the outstanding balance of $269,942.72, but Sirob has refused to pay the outstanding balance.

WHEREFORE, Plaintiff CHEESE DEPOT INC., an Illinois corporation, respectfully requests that this Court enter a judgment in its favor and against SIROB IMPORTS INC., a New York corporation, in the amount of the actual damages suffered by Plaintiff, and/or grant other relief as this Court deems appropriate.

CHEESE DEPOT INC., an Illinois corporation,


By:    /s/ Nazar Kashuba
       One of its Attorneys

Nazar Kashuba
IARDC# 6294373
Demchenko Kashuba LLC
2338 West Belmont Avenue
Chicago, Illinois 60618
Tel: (773) 360-8805
nkashuba@dk-attorneys.com

# AGREEMENT

This agreement, made in Chicago, Illinois, July 24, 2007 is between Nick Boboris and John Livaditis. In this agreement Nick Boboris, President, DBA Sirob Imports, 21 Gear Avenue, Lindenhurst, NY 11757 is referred to as NB. John Livaditis, Director, DBA Lacto Baneasa, Cheese Factory, 16 E. Old Willow Road, Prospect Heights, IL 60070, who has the power to enter into contracts on behalf of Cheese Factory, referred to as JL.

JL agrees to sell to NB 75% of the Lacto Baneasa building and equipment for $810,000.00 with a $10,000.00 down payment on signing of the contract. The balance is to be paid within 8 years with 7% interest. Interest only payments will start on January 1, 2008. The principal balance will be reduced by $30,000.00 annually by December 31st each year with the balance due on September 1, 2015 or sooner.

## INVENTORY:

NB will buy the inventory of the 2007 season; estimated amount is 85,000 kg of Feta and 5,000 kg of Hard Cheese. After he checks the quality at the factory, he will make a commitment to buy it or not to buy. Also all the new plastic containers ordered for the season 2008 will pay cost. The price of the Feta will be $3.85 per kg. plus shipping costs. The price of the Hard Cheese will be $4.85 per kg. plus shipping costs. The terms for the inventory will be 120 days, paying weekly, as he collects money for sales.

SIROB IMPORTS, INC.

Accepted by:

_____
Nick Boboris, President

CHEESE FACTORY

Accepted by:

_____
John Livaditis

S/A:AGREEMENT,July 24, 2007-revised


PLAINTIFF'S EXHIBIT A