# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CHEESE DEPOT, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 14-cv-1727 |
| v. ) | |
| ) | Judge Joan B. Gottschall |
| SIROB IMPORTS, INC. ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION & ORDER

Plaintiff Cheese Depot, Inc. ("Cheese Depot") and Defendant Sirob Imports, Inc. ("Sirob") manufacture and distribute cheese. Cheese Depot contends that Sirob is liable for money damages based on Sirob's alleged breach of contract for the sale of property in Romania. Sirob has filed the instant motion to dismiss for improper venue and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(3) and 12(b)(6), respectively. For the following reasons, Sirob's motion is denied in part and granted in part.

## I. BACKGROUND

The following facts are drawn from the Amended Complaint, which contain many of the same facts found in the original complaint, and are accepted as true for the purpose of the motion to dismiss. *See Cincinnati Life Ins. Co. v. Beyrer*, 722 F. 3d 939, 946 (7th Cir. 2013). Cheese Depot is an Illinois citizen and Sirob is a citizen of New York. In July 2007, Cheese Depot entered into an agreement to sell or otherwise transfer ownership of certain real estate and equipment located in Romania ("Romanian property") to Sirob. The parties' agreement (the "Chicago Agreement") also governed the sale of certain inventory located within the Romanian

property. The Chicago agreement, attached as Exhibit A to Cheese Depot's Amended Complaint, provides, in full, as follows:

> This agreement, made in Chicago, Illinois, July 24, 2007[,] is between Nick Boboris and John Livadatis. In this agreement Nick Boboris, President, DBA Sirob Imports, 21 Gear Avenue, Lindenhurst, NY 11757[,] is referred to as NB. John Livaditis, Director, DBA Lacto Baneasa, Cheese Factory, 16 E. Old Willow Road, Prospect Heights, IL, 60070, who has the power to enter into contracts on behalf of Cheese Factory, [is] referred to as JL.
>
> JL agrees to sell to NB 75% of the Lacto Baneasa building and equipment for $810,000.00 with a $10,000.00 down payment on signing of the contract. The balance is to be paid within 8 years with 7% interest. Interest only payment will start on January 1, 2008. The principal balance will be reduced by $30,000.00 annually by December 31st each with the balance due on September 1, 2015[,] or sooner.
>
> INVENTORY:
> NB will buy the inventory of the 2007 season; estimated amount is 85,000 kg of Feta and 5,000 kg of Hard Cheese. After he checks the quality at the factory, he will make a commitment to buy it or not to buy. Also all the new plastic containers ordered for the season 2008 will pay cost. The price of the Feta will be $3.85 per kg. plus shipping costs. The price of the Hard Cheese will be $4.85 per kg. plus shipping costs. The terms for the inventory will be 120 days, paying weekly, as he collects money for sales.
>
> | SIROB IMPORTS, INC. | CHEESE FACTORY |
> |---|---|
> | Accepted by: | Accepted by: |
> | _____/s/_____ | _____/s/_____ |
> | Nick Boboris, President | John Livaditis |

(Dkt. 32 at Ex. A.)

Cheese Depot alleges that it transferred the property at issue to Sirob's designated agent in Romania on or about September 12, 2007. After the transfer agreement was finalized, Sirob timely made its initial $10,000 payment to Cheese Depot. In 2008, Sirob complied with the terms of the Chicago agreement by making all interest payments to Cheese Depot in the amount of $56,000 and by reducing the principal balance by the agreed-upon amount of $30,000. Sirob fulfilled its obligations under the agreement again in 2009, but made an incomplete payment in

2

2010. There were no payments at all in 2011, and another incomplete payment in 2012. The payments stopped entirely after 2012. Cheese Depot has made multiple demands upon Sirob to repay the amounts due and overdue, but Sirob has not complied. As of April 30, 2015, Sirob owes to Cheese Depot $725,414.08 in unpaid principal balance, and $226,000 in past due interest.

Sirob sought to dismiss the original complaint filed by Cheese Depot on the basis that, after the parties signed the Chicago agreement, Nick Boboris (Sirob's President) and John Livaditis (Cheese Depot's owner), in their individual capacities, executed a contract governing the sale of the Romanian property ("Romanian agreement") in Romania and that the Romanian agreement, not the Chicago agreement, governed the sale of the property at issue. Therefore, Sirob argued, Cheese Depot's complaint failed to state a claim since the Chicago agreement was only a letter of intent and not the contract at issue. Sirob further argued that venue in this district was improper as Boboris, who signed the Romanian agreement in his individual capacity, is the proper defendant and that, since Boboris is a New York Citizen, Illinois has no connection to the Romanian agreement.

This court, in denying Sirob's original motion to dismiss, decided that Cheese Depot's interpretation that the Chicago agreement reflected the parties' intent to transfer the land to Sirob and that the Romanian agreement merely set forth when Sirob's payment obligations would begin was plausible. (Dkt. 24.) After Sirob's motion to dismiss Cheese Depot's original complaint was denied, Sirob filed a motion for more definite statement. (Dkt. 28.) Sirob sought clarification regarding whether Cheese Depot was seeking damages under the Chicago agreement pertaining to the sale of the Romanian property or the sale of the inventory contained therein. Cheese Depot filed its Amended Complaint and made clear that it was seeking damages

3

pursuant to a breach of the Chicago agreement for non-payment for the transfer of the Romanian property. (Dkt. 32.) In response, Sirob filed the instant motion to dismiss.

## II. DISCUSSION

### A. Rule 12(b)(3) Motion to Dismiss for Improper Venue

In its motion to dismiss, Sirob argues that Illinois is not the proper venue for Cheese Depot's action. Although Sirob does not cite the rule in its motion to dismiss, Federal Rule of Civil Procedure 12(b)(3) governs dismissal for improper venue. In deciding a motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3), all allegations are taken as true, unless contradicted by the defendant's affidavits, and the court may consider facts outside the pleadings. *See Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 806 (7th Cir. 2011). Courts must resolve any conflicts in the affidavits regarding relevant facts in the plaintiff's favor. *Allstate Life Insurance Company v. Stanley W. Burns, Inc.*, 80 F.Supp.3d 870, 875 (N.D. Ill. 2015), *citing Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). The Seventh Circuit has cautioned that "once the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Purdue Research Found.*, 338F.3d at 783. When a defendant challenges venue, the plaintiff bears the burden of establishing proper venue. *Nat'l Tech v. Repcentric Solutions*, 2013 WL 3755052. at *5 (N.D. Ill. June 16, 2013). Cheese Depot has already met this burden.

In response to Sirob's original motion to dismiss, this court decided that Cheese Depot's argument that the Chicago agreement reflected the parties' intent to transfer the land to Sirob and that the Romanian agreement merely set forth when Sirob's payment obligations would begin was plausible. (Dkt. 24.) Therefore, Cheese Depot stated a colorable breach of contract claim.

4

Further, because it has been asserted that the Chicago agreement was negotiated in Chicago, executed in Chicago, and that payments were sent to Chicago,[1] a "substantial part of the events or omissions giving rise to the claim" occurred in Chicago. *See Imperial Crane Servs., Inc. v. Cloverdale Equp. Co.*, 2013 WL 5904527, at *3 (Courts will consider whether there was a failure to make a payment in a district pursuant to a contract); *MB Fin. Bank, N.A. v. Walker*, 741 F.Supp.2d 912, 917 (N.D. Ill. 2010) (Courts will also consider where the contract was negotiated or executed).

As noted, the arguments presented in Sirob's motion to dismiss Cheese Depot's amended complaint, especially those concerning improper venue, closely mirror the arguments in its motion to dismiss Cheese Depot's original complaint. Therefore, this court still finds that Cheese Depot has stated a colorable breach of contract claim as Cheese Depot has adequately pled that a substantial part of the events giving rise to the claim occurred in Chicago. As a result, Sirob's motion to dismiss based on improper venue is denied.

### B. Sirob's Claim that Cheese Depot is the Improper Plaintiff

Sirob is also seeking to dismiss Cheese Depot's amended complaint pursuant to Rule 12(b)(6). To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claims satisfies this pleading standard when its factual allegations "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56. For the purposes of a motion to dismiss, the court takes all facts alleged by the plaintiff as true and draws all reasonable inferences from those facts in the plaintiff's favor,

---

[1] Sirob does not contest these allegations made by Cheese Depot, either in the current motion to dismiss or the prior motion to dismiss.

although conclusory allegations that merely recite the elements of a claim are not entitled to this presumption of truth. *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011).

In its motion to dismiss, Sirob argues that Cheese Depot is not the proper party to enforce the Chicago agreement. Sirob argues that the Chicago agreement was entered into by Nick Boboris ("Boboris")[2] and Nick Livaditis ("Livaditis") on behalf of an entity called "Cheese Factory." Cheese Depot argues that Federal Rule of Civil Procedure 12(g) bars Sirob from presenting this defense as Sirob failed to raise it in its original motion to dismiss.

Rule 12(g) bars a party from raising a defense or objection that was available to the party but omitted from its earlier motion. Fed. R. Civ. P. 12(g)(2). Cheese Depot argues that, because Sirob never raised the argument that Cheese Depot is an improper plaintiff in its original motion to dismiss, it is barred from doing so now pursuant to Rule 12(g)(2), as applied in *Muller v. Morgan*, 2013 WL 2422737 at *2 (N.D. Ill. June 3, 2013) and *Makor Issues & Rights, Ltd. v. Tellabs, Inc.*, 2008 WL 2178150 (N.D. Ill. May 22, 2008). However, Cheese Depot's reading of *Makor Issues & Rights, Ltd.* is inconsistent with the ruling in *Ennenga v. Starns*, 677 F.3d 766, 772-73 (7th Cir. 2012). In *Ennenga*, the court ruled that Rule 12(h)(2) specifically excepts failure-to-state-a-claim defenses from the Rule 12(g) consolidation requirement. Therefore, Sirob is well within its right to assert that Cheese Depot has failed to state a claim because it is not the proper plaintiff.

Although Cheese Depot argues that "Cheese Factory" was a misnomer in its response to Sirob's motion to dismiss, it failed to allege as much in its amended complaint. Therefore, Sirob's motion to dismiss is granted on this basis. *Car Carriers, Inc. v. Ford Motor Co.*, 745

---

[2] Sirob denies that Boboris entered into the Chicago agreement on behalf of Sirob. However, the Chicago agreement lists Boboris as the President of Sirob Imports, Inc. in both the opening paragraph of the agreement and in the signature line. For the purposes of Sirob's motion to dismiss, this court will accept Cheese Depot's allegation that Boboris signed the Chicago agreement on behalf of Sirob as true.

6

F.2d 1101, 1107 (7th Cir.1984) ("The Court notes that it will not consider allegations made by Plaintiff in its brief that do not appear in the Complaint, as 'it is axiomatic that the complaint may not be amended by briefs in opposition to a motion to dismiss.'"). Cheese Depot may allege, if doing so is consistent with Rule 11, that Cheese Factory is a misnomer and that Livaditis signed the Chicago agreement on behalf of Cheese Depot.

### III. CONCLUSION

For the reasons stated above, Sirob Import Inc.'s motion to dismiss for improper venue and failure to state a claim [34] is denied in part and granted in part. Cheese Depot, Inc. has until December 1, 2015 to file its Second Amended Complaint only to correct issues regarding the correct plaintiff. Sirob Import, Inc. will then answer or otherwise plead by December 30, 2015.

Date: November 17, 2015                              /s/_____

                                                                                     Joan B. Gottschall

                                                                                     United States District Judge