IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **CHEESE DEPOT INC.**, an Illinois corporation,<br><br>                          **Plaintiff,**<br>v.<br><br>**SIROB IMPORTS INC.**, a New York Corporation,<br><br>                          **Defendant.** | Case No. 1:14-cv-1727 |

## SECOND AMENDED
## COMPLAINT FOR BREACH OF CONTRACT

NOW COMES Plaintiff, CHEESE DEPOT INC., an Illinois corporation ("Cheese"), by and through its attorneys, Demchenko & Kashuba LLC, and in support of its First Amended Complaint against Defendant SIROB IMPORTS INC., a New York corporation ("Sirob"), states as follows:

### I.    JURISDICTION and VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. §1332 because of diversity of citizenship as the parties to this suit are citizens of different states.

2. The amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs pursuant to the requirements of 28 U.S.C. §1332.

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims made herein occurred in this district.

### II.    PARTIES

4. Plaintiff Cheese is an Illinois corporation whose principal place of business is located at 16 East Old Willow Road, Prospect Heights, Illinois. Cheese is, therefore, considered

to be a citizen of the State of Illinois for purposes of diversity jurisdiction.

5. Defendant Sirob is a New York corporation, whose principal place of business is located at 12 Gear Avenue, Lindenhurst, New York. Sirob is, therefore, considered to be a citizen of the State of New York for purposes of diversity jurisdiction.

## COUNT I - BREACH OF CONTRACT

6. On or about July 24, 2007, Cheese entered into a written agreement with Sirob agreeing to sell or otherwise transfer the ownership of certain real estate and the equipment located in Romania to Defendant Sirob. ("Contract"). A true and correct copy of the Contract is attached as Exhibit A and incorporated by reference. The Contract was executed by the parties in in Chicago, Illinois.

7. According to the Contract, Sirob agreed to pay for the property in Romania eight hundred ten thousand dollars ($810,000.00) in total by (i) making an immediate initial payment in the amount of ten thousand dollars ($10,000.00), and (b) extending the payment of the remaining balance over eight-year term with seven percent (7%) annual interest.

8. At the time when the Contract was drafted, on or about July 24, 2007, the actual written agreement mistakenly identified Cheese as "Cheese Factory" instead of its correct legal name "Cheese Depot Inc." Subsequently, this mistake was not notices or corrected by neither party on the date when the Contract was signed.

9. Despite the above drafting error, Plaintiff "Cheese Depot Inc" was and continues to be the intended party under the Contract. Neither party believed that no other entity than "Cheese Depot Inc" was a proper party to the Contract. Specifically, after execution of the Contract, the correspondence between the parties was on "Cheese Depot Inc's" letterheads. Similarly, Sirob's payments under the Contract were made to "Cheese Depot Inc," not to "Cheese

Factory." Finally, Plaintiff's president, Mr. Livaditis, never owned or held any ownership interest in any business entity with the words "Cheese Factory" in its legal name.

10     Cheese timely performed all of its duties and obligations under the Contract by assigning all of its interest in the Romanian company which formally owned the real estate and the equipment at issue. On or about September 12, 2007, all property at issue was formally transferred to Sirob's designated agent in Romania.

11.     After the transfer agreement was finalized, Sirob timely made its initial $10,000 payment to Cheese.

12.     Sirob failed to make regular monthly payments to Cheese pursuant to payment schedule under the Contract.

   a. In 2008, Sirob complied with the terms of the Contract by making all interest payments to Cheese in the total amount of fifty six thousand dollars ($56,000.00) and reducing the outstanding principal balance by agreed upon thirty thousand dollars ($30,000.00);

   b. In 2009, Sirob once again complied with its contractual obligations and paid the additional $60,188.00 in interest and reduced its unpaid principal balance by another $30,000.00;

   c. In 2010, Sirob only paid $57,996.00 to Cheese leaving the balance of $19, 611.04 unpaid and owing;

   d. In 2011, Sirob made no payments to Cheese.

   e. In 2012, Sirob resumed its payments to Cheese by paying additional $25,000.

   f. No payments were received by Cheese after 2012.

13. Cheese immediately notified Sirob about its breach of Contract and demanded Sirob to continue making payments pursuant to the agreed upon payment schedule. Sirob refused to renew its payments to Cheese.

14. Cheese has made multiple demands upon Sirob to repay the loan but Sirob has refused and continues to refuse to pay the outstanding balance to Cheese.

15. As of April 30, 2015, Sirob continues to owe Cheese $725,414.08 in unpaid principal balance, and $226.000.00 in past due interest. The total amount of Sirob's debt continues to increase on a daily basis.

WHEREFORE, Plaintiff CHEESE DEPOT INC., an Illinois corporation, respectfully requests that this Court enter a judgment in its favor and against SIROB IMPORTS INC., a New York corporation, in the amount of the actual damages suffered by Plaintiff, and/or grant other relief as this Court deems appropriate.

CHEESE DEPOT INC., an Illinois corporation,


By: _____/s/ Nazar Kashuba_____
One of its Attorneys

Nazar Kashuba
IARDC# 6294373
Demchenko Kashuba LLC
2338 West Belmont Avenue
Chicago, Illinois 60618
Tel: (773) 360-8805
nk@kashubalaw.net

# Exhibit A

# AGREEMENT

This agreement, made in Chicago, Illinois, July 24, 2007 is between Nick Boboris and John Livaditis. In this agreement Nick Boboris, President, DBA Sirob Imports, 21 Gear Avenue, Lindenhurst, NY 11757 is referred to as NB. John Livaditis, Director, DBA Lacto Baneasa, Cheese Factory, 16 E. Old Willow Road, Prospect Heights, IL 60070, who has the power to enter into contracts on behalf of Cheese Factory, referred to as JL.

JL agrees to sell to NB 75% of the Lacto Baneasa building and equipment for $810,000.00 with a $10,000.00 down payment on signing of the contract. The balance is to be paid within 8 years with 7% interest. Interest only payments will start on January 1, 2008. The principal balance will be reduced by $30,000.00 annually by December 31st each year with the balance due on September 1, 2015 or sooner.

INVENTORY:
NB will buy the inventory of the 2007 season; estimated amount is 85,000 kg of Feta and 5,000 kg of Hard Cheese. After he checks the quality at the factory, he will make a commitment to buy it or not to buy. Also all the new plastic containers ordered for the season 2008 will pay cost. The price of the Feta will be $3.85 per kg. plus shipping costs. The price of the Hard Cheese will be $4.85 per kg. plus shipping costs. The terms for the inventory will be 120 days, paying weekly, as he collects money for sales.

SIROB IMPORTS, INC.                                   CHEESE FACTORY

Accepted by:                                          Accepted by:

_____                               _____
Nick Boboris, President                               John Livaditis

S/A:AGREEMENT,July 24, 2007-revised


PLAINTIFF'S EXHIBIT A