# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| CHEESE DEPOT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 14 C 1727 |
| | ) | |
| v. | ) | |
| | ) | Judge Joan B. Gottschall |
| SIROB IMPORTS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

In its second amended complaint, Plaintiff Cheese Depot, Inc. ("Cheese Depot") brings a claim for breach of an alleged contract dated July 24, 2007. Defendant Sirob Imports, Inc. ("Sirob") moves to dismiss under Federal Rules of Civil Procedure 12(b)(3) and (6) for improper venue and failure to state a claim upon which relief can be granted. For the following reasons, the court denies the motion in part, finding that Sirob has waived its newly raised factual argument for Rule 12(b)(3) purposes. Because there are questions about Cheese Depot's corporate status with the Illinois Secretary of State, the court does not reach the balance of the motion and sets this case for a status conference.

### I. BACKGROUND

The instant motion marks Sirob's third request to dismiss under Rules 12(b)(3) and (6). The previous two motions attacked Cheese Depot's original and first amended complaints respectively. The court denied the first motion (ECF No. 23 at 11), and after the parties agreed to a motion for more definite statement, Cheese Depot amended its complaint. The court granted the second motion to dismiss in part and denied it in part; the court gave Cheese Depot an

1

opportunity to amend its complaint "only to correct issues regarding the correct plaintiff." (ECF No. 44.) After Cheese Depot again amended its complaint, Sirob filed the instant motion.

As only Cheese Depot's contentions about the identity of a party to the Chicago Agreement have changed, the court briefly recounts the allegations in the complaint in the light most favorable to Cheese Depot. *See Cincinnati Life Ins. Co. v. Beyrer,* 722 F. 3d 939, 946 (7th Cir. 2013). Cheese Depot and Sirob manufacture and distribute cheese. Cheese Depot alleges that Sirob breached an agreement dated July 24, 2007, for the sale of certain property and equipment located in Romania ("the Chicago Agreement"). That agreement, which is attached to and incorporated in Cheese Depot's Second Amended Complaint, reads in its entirety:

> This agreement, made in Chicago, Illinois, July 24, 2007[,] is between Nick Boboris and John Livaditis. In this agreement Nick Boboris, President, DBA Sirob Imports, 21 Gear Avenue, Lindenhurst, NY 11757[,] is referred to as NB. John Livaditis, Director, DBA Lacto Baneasa, Cheese Factory, 16 E. Old Willow Road, Prospect Heights, IL, 60070, who has the power to enter into contracts on behalf of Cheese Factory, [is] referred to as JL.
>
> JL agrees to sell to NB 75% of the Lacto Baneasa building and equipment for $810,000.00 with a $10,000.00 down payment on signing of the contract. The balance is to be paid within 8 years with 7% interest. Interest only payments will start on January 1, 2008. The principal balance will be reduced by $30,000.00 annually by December 31st each year with the balance due on September 1, 2015[,] or sooner.
>
> INVENTORY:
> NB will buy the inventory of the 2007 season; estimated amount is 85,000 kg of Feta and 5,000 kg of Hard Cheese. After he checks the quality at the factory, he will make a commitment to buy it or not to buy. Also all the new plastic containers ordered for the season 2008 will pay cost. The price of the Feta will be $3.85 per kg. plus shipping costs. The price of the Hard Cheese will be $4.85 per kg. plus shipping costs. The terms for the inventory will be 120 days, paying weekly, as he collects money for sales.
>
> SIROB IMPORTS, INC.                    CHEESE FACTORY
> Accepted by:                                 Accepted by:
> __/s/_____                                    __/s/_____
> Nick Boboris, President                John Livaditis

(ECF No. 45 Ex. A.) The Chicago Agreement apparently bears ink signatures of John Livaditis ("Livaditis") and Nick Boboris ("Boboris").

In its Second Amended Complaint, Cheese Depot alleges that the Chicago Agreement mistakenly identified it as "Cheese Factory." (ECF No. 45 ¶ 8.) According to the complaint, the parties exchanged correspondence related to the Chicago Agreement on "Cheese Depot, Inc." letterhead; Sirob made all of its payments under the Chicago Agreement to Cheese Depot; and Livaditis has never held any interest in an entity including the words "Cheese Factory" in its name. (*Id.* ¶ 9.)

## II. IMPROPER VENUE

In the instant motion, Sirob relies on Boboris' declaration dated January 5, 2016, to argue, as it has in its previous motions to dismiss, that venue is improper in this District. Boboris' declaration asserts that the Chicago Agreement was "negotiated and executed in Romania," contrary to the recitations on its face. (ECF No. 48 Ex. 3 ¶ 3.) Cheese Depot complains that Sirob waived this factual contention by omitting it from its two prior motions to dismiss. The court agrees.

Federal Rule of Civil Procedure 12(g)(2) provides that "[a] party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Unlike some Rule 12(b) defenses, failing to include an available improper-venue defense in a Rule 12(b) motion waives that defense. *Auto. Mech. Local 701 Welfare & Pension Funds v. Vanguard Car Rental USA, Inc.*, 502 F.3d 740, 746 (7th Cir. 2007) ("[I]mproper venue is waived as a ground of dismissal when not timely raised."); *see* Fed. R. Civ. P. 12(h)(1)(A); *Am. Patriot Ins. Agency v. Mut. Risk Mgmt., Ltd.*, 364 F.3d 884, 887–88 (7th Cir. 2004); *About U.S. Real Estate, Inc. v. Burnley*, No. 14-C-

04471, 2015 WL 3397025, at *3–4 (N.D. Ill. May 26, 2015) (holding party waived improper-venue defense by omitting it from Rule 12(b) motion).

Sirob raised an improper-venue defense in its first motion to dismiss. As this court explained, Boboris' affidavit submitted with that motion did "not contest venue over Sirob in this district based on a breach of the Chicago agreement," and the court found the allegations made in Cheese Depot's original complaint to be sufficient to survive Sirob's first Rule 12(b)(3) motion. (ECF No. 24.) Sirob's second rule 12(b) motion also asserted an improper-venue defense, but none of the four exhibits attached to that motion purported to create a factual dispute about where the Chicago Agreement was negotiated and executed. (*See* ECF No. 35 Ex. 1–4.) This court rejected Sirob's renewed venue arguments. (ECF No. 44.)

Hence, the venue-related factual contentions in Boboris' declaration dated January 5, 2016, were "available" to Sirob when it filed its previous Rule 12(b) motions. Fed. R. Civ. P. 12(g)(2). Sirob argues that the defenses advanced in the instant motion were previously unavailable to it because Cheese Depot's Second Amended Complaint alleges for the first time that the Chicago Agreement misidentifies Cheese Depot as Cheese Factory. (Reply to Mot. to Dismiss 3 n.2, ECF No. 52.) Cheese Depot has included allegations that "it negotiated the terms of the Chicago agreement with Sirob in Chicago, that the parties executed the contract in Chicago, and that Sirob sent payments to Chicago (before it stopped making payments)" in each of its complaints, however. (ECF No. 24.) (finding these allegations present in original complaint when viewed in light most favorable to Cheese Depot). Because Sirob did not submit evidence challenging those allegations until its third Rule 12(b) motion, it has waived its venue challenge premised on an effort to contradict Cheese Depot's factual allegation that the Chicago Agreement was negotiated and executed in Chicago. *See id.* at 9 (holding that first affidavit "did

4

not contradict" those allegations); *see also About U.S. Real Estate, Inc.*, 2015 WL 3397025, at *4 (finding improper-venue defense concerning certain counts waived because counts "appeared in [the] complaints since the case was filed").

### III. CHEESE DEPOT'S CORPORATE STATUS

Much of the dispute in the instant motion centers on the identities of the proper parties to this action, the capacities in which the Chicago Agreement was signed, and the real parties in interest. Sirob contends that Livaditis and S.C. Lacto Baneasa, S.R.L., the alleged owner of the building in Romania that is the subject of the Chicago Agreement, are indispensable parties, and that Livaditis and Boboris, not the corporations joined as parties, are the proper parties to this litigation. A question of Cheese Depot's present corporate status prevents the court from reaching these Rule 12(b)(6) and 19 issues. In its reply to the instant motion, Sirob asserts for the first time in its litigation that Cheese Depot lacks capacity to sue because it is not in good standing with the Illinois Secretary of State, presumably for failing to pay applicable franchise taxes.

The law under which a corporation was organized determines its capacity to sue and be sued. Fed. R. Civ. P. 17(b)(2). Cheese Depot alleges that it is an Illinois corporation. (2d Am. Compl. ¶ 4.)

It appears that Cheese Depot has dissolved. Sirob included with its reply a copy of a web page dated February 16, 2016, listing Cheese Depot's status as "not in good standing." (Reply Ex. 1, ECF No. 52.) As of October 13, 2016, the Illinois Secretary of State's website lists Cheese Depot's status as "dissolved" on March 11, 2016.

The Illinois Business Corporation Act states that "[n]o corporation required to pay a franchise tax, license fee, penalty, or interest under this Act shall maintain any civil action until

5

all such franchise taxes, license fees, penalties, and interest have been paid in full." 805 ILCS 5/15.85 (West 2016). An Illinois corporation's failure to pay the franchise tax ordinarily results in a stay, rather than dismissal, of the action. *Lease Partners Corp. v. R & J Pharms. Inc.*, 768 N.E.2d 54, 56 (Ill. App. Ct. 2002) ("it has long been recognized that a 'suit could not be dismissed for failure to pay franchise taxes[;] it could only be continued until those taxes were paid.'") (quoting *Merchs. Envtl. Indus., Inc. v. Montgomery Ward and Co.*, 625 N.E.2d 689, 693 (Ill. App. Ct. 1993) (alterations omitted); *Na'tl Black Expo v. Clear Channel Broad., Inc.*, No. 03-C-2751, 2007 WL 495307, at *3–4 (N.D. Ill. Feb. 8, 2007) (stating that stay is proper remedy but finding, based on court's research, that corporation brought itself into good standing by making payments after the issue was raised). A dissolved Illinois corporation generally has five years to bring any of its corporate claims. *See* 805 ILCS 5/12.80 (West 2016); *Williams v. Board of Educ. of City of Chi.*, 2013 WL 658130, at *2 (7th Cir. 2013) (unpublished). When a corporation dissolves, "the distributees [of the corporation's assets] replace the defunct corporation as the real parties in interest." *Matos v. Richard A. Nellis, Inc.*, 101 F.3d 1193, 1195 (7th Cir. 1996).

In the pending motion, Sirob argues, among other things, that only Livaditis is the proper plaintiff because he signed the contract in his personal capacity rather than in his capacity as an officer of Cheese Depot. As explained in the previous paragraph, the possible dissolution of Cheese Depot may make Livaditis the real party in interest, regardless of the capacity in which he signed the Chicago Agreement, *see Matos*, 101 F.3d at 1195, but the court presently has insufficient information about Cheese Depot's current status and, if relevant, its distributees to make a definitive determination.

## IV. Conclusion

For the reasons given above, Sirob's third motion to dismiss (ECF No. 48) is denied in part. Specifically, Sirob's motion to dismiss for improper venue under Rule 12(b)(3) is denied. The court sets this case for a status conference on November 9, 2016, at 9:30 a.m. At the status conference, Cheese Depot should be prepared to advise the court of its status with the Illinois Secretary of State and how it proposes to proceed.


Date:   October 18, 2016                             /s/
                                            Joan B. Gottschall
                                            United States District Judge