UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHEESE DEPOT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 14-CV-1727 |
| | ) | |
| v. | ) | |
| | ) | Judge Joan B. Gottschall |
| SIROB IMPORTS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

In its second amended complaint, Cheese Depot. Inc. ("Cheese Depot")[1] brings a breach-of-contract claim against Sirob Imports, Inc. under an agreement referred to here for identification purposes as the Chicago Agreement. ("Sirob"). The court summarized the parties' allegations and the procedural background of this case in its order entered October 18, 2016. (*See* ECF No. 57 at 1–3.)

The court must resolve the balance of Sirob's third motion to dismiss under Federal Rule of Civil Procedure 12. Two questions raised by the motion remain outstanding: whether the second amended complaint fails to state a claim upon which relief can be granted in light of the declaration of Nick Boboris ("Boboris") dated January 5, 2016, (ECF No. 48-3) and whether Sirob has carried its burden to show that Cheese Depot failed to join a party required by Federal Rule of Civil Procedure 19. For the reasons that follow, the court answers both questions in the negative and denies the outstanding requests for relief in the motion to dismiss.

---

[1] On October 28, 2016, this court raised a question of Cheese Depot's corporate status. (ECF No. 57.) Cheese Depot filed a declaration of its corporate counsel on November 14, 2016. (ECF No. 59.) The declaration and a certificate issued by the Illinois Secretary of State show that Cheese Depot was in good standing as of November 10, 2016. (ECF No. 59, Ex. B at 1.)

1

**Failure to State a Claim**

Though Sirob renews its motion under Federal Rule of Civil Procedure 12(b)(6) to dismiss for failure to state a claim upon which relief can be granted, it points to no defect in the second amended complaint itself. (*See* Mem. Supp. 3d Mot. Dismiss 8–9.) Instead, Sirob rests its Rule 12(b)(6) motion on the proposition that "[t]he portion of the Agreement that Plaintiff is seeking to enforce—for the sale and purchase of [John] Lavaditis' 75% interest in the Romania [sic] company, which owns the business at issue—is between Boboris and Livaditis individually." (*Id*. at 9.) Cheese Depot does not so plead, and the court has already addressed this argument based on the documents Cheese Depot attached to its complaints. In the motion presently before the court, Sirob goes beyond the documents attached to the complaint. It cites one piece of evidence to show that it is entitled to relief under Rule 12(b)(6): Boboris' declaration dated January 5, 2016, which is attached as Exhibit Two to its motion to dismiss. (*Id*.)

The court declines to convert Sirob's Rule 12(b)(6) motion to a motion for summary judgment and therefore excludes Boboris' declaration. When a Rule 12(b)(6) motion is filed and "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56[, and] [a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). As Sirob notes, materials "to which the Complaint . . . refer[s]" may nevertheless be considered on a Rule 12(b)(6) motion, provided that the material is "concededly authentic and . . . central to the plaintiffs' claim." *Santana v. Cook Cty. Bd. of Review*, 679 F.3d 614, 619 (7th Cir. 2012) (quoting *Hecker v. Deere & Co.*, 556 F.3d 575, 582 (7th Cir. 2009) (alteration omitted). Exhibits attached to a complaint may also be considered at the Rule 12(b)(6) stage

without starting summary judgment proceedings because "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c); *see, e.g., Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. and Nw. Ind.*, 786 F.3d 510, 529 (7th Cir. 2015) (quoting *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 556 (7th Cir.2012)); *Knafel v. Chi. Sun-Times, Inc.*, 413 F.3d 637, 640 (7th Cir. 2005) (considering newspaper column attached to complaint pleading defamation claim).

Cheese Depot did not attach Boboris' declaration dated January 5, 2016, to its second amended complaint. Nor does the second amended complaint reference that declaration. No discovery has occurred in this case, despite its age. So regardless of whether the instant motion is converted to a summary judgment motion, Cheese Depot will need an opportunity to conduct discovery on the issues raised by Boboris' declaration. *See* Fed. R. Civ. P. 12(d). Therefore, "allowing Defendants to proceed on a motion for summary judgment at this juncture is premature, as Plaintiff has not had the opportunity to engage fully in discovery," and the court declines to complicate these proceedings further by converting the instant motion. *Baker v. Lakin*, No. 3:15-CV-600-JPG-DGW, 2016 WL 1696804, at *3 (S.D. Ill. Apr. 5, 2016) (declining to convert Rule 12(b)(6) motion for this reason among others).

**Failure to Join a Necessary Party**

Sirob also contends that John Livaditis and S.C. Lacto Baneasa are necessary parties that must be joined under a Rule 19(a) and (b) analysis. Sirob's request for dismissal on this ground falls procedurally under Federal Rule of Civil Procedure 12(b)(7). As on a Rule 12(b)(6) motion, the court accepts the complaint's allegations as true when deciding a Rule 12(b)(7) motion. *Rotec Indus., Inc. v. Aecon Grp., Inc.*, 436 F. Supp. 2d 931, 933 (N.D. Ill. 2006) (citations omitted). Unlike on a Rule 12(b)(6) motion, however, "a court may consider matters

outside of the pleadings to resolve factual questions pertaining to jurisdiction, process, or indispensable parties." *Deb v. SIRVA, Inc.*, 832 F.3d 800, 809 (7th Cir. 2016) (citing *English v. Cowell*, 10 F.3d 434, 437 (7th Cir. 1993)). Nevertheless, the court must "resolve[] any 'conflicts in the affidavits and depositions submitted by the parties . . . in favor of the plaintiff.'" *Davis Cos. v. Emerald Casino, Inc.*, 268 F.3d 477, 483 (7th Cir. 2001) (quoting *Deluxe Ice Cream Co. v. R.C.H. Tool Corp.*, 726 F.2d 1209, 1215 (7th Cir. 1984)) (ellipsis in original). Applying these standards to the instant motion, Sirob has not carried its burden to show that Cheese Depot failed to join a party required by Rule 19(a)(1).

First, by conceding that S.C. Lacto Baneasa is not subject to service of process, Sirob fails to carry its burden as to that proposed party. Rule 19(a)(1) provides as follows:

> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). Sirob devotes one sentence of the pending motion to analyzing Rule 19(a)'s applicability to S.C. Lacto Baneasa: "[b]ecause S.C. Lacto Baneasa is a Romanian company located in Romania, it is not subject to service of process." (Mem. Supp. 3d Mot. Dismiss 5.) A personal jurisdiction analysis has been employed to decide whether a party is subject to service of process under Rule 19(a)(1). *E.g., Showtime Game Brokers, Inc. v. Blockbuster Video, Inc.*, 151 F.R.D. 641, 648–49 (S.D. Ind. 1993). Sirob conducts no personal jurisdiction analysis in the instant motion, and as the party moving under Rule 12(b)(7), it has the

4

burden to persuade the court that joinder is feasible, i.e., that the requirements of Rule 19(a)(1) are satisfied. *See Ochs v. Hindman*, 984 F. Supp. 2d 903, 906 (N.D. Ill. 2013) ("On a Rule 12(b)(7) motion, the movant bears the burden of demonstrating that the absent party is a necessary and indispensable party that must be joined.") (citing *NanoeXa Corp. v. Univ. of Chi.*, No. 10 C 7177, 2011 WL 4729797, at *1 (N.D. Ill. Apr. 13, 2011)) (other citations omitted))). Taking Sirob's assertions in the instant motion at face value, Sirob admits that S.C. Lacto Baneasa cannot be feasibly joined because it is not "subject to service of process." Fed. R. Civ. P. 19(a)(1). Sirob fails to shoulder its burden, and the Rule 19(a)(1) analysis ends.

Sirob also fails to carry its burden to show that Livaditis must be joined if feasible. Sirob posits that Rule 19 requires Cheese Depot to join Livaditis, so Boboris could bring a crossclaim or counterclaim against him for fraud. This argument requires the court to accept Sirob's position, which is contrary to the allegations of the complaint, that Boboris and Livaditis are the real parties in interest and signed the Chicago Agreement in their individual capacities. (*See* Mem. Supp. 3d Mot. Dismiss 7.) The court has already ruled, however, that Cheese Depot states a plausible claim that it and Sirob are the parties to the Chicago Agreement based on Cheese Depot's complaint and the attached agreement. The complaint's allegations must be accepted as true for present purposes.[2] *See Ochs*, 984 F. Supp. 2d at 906; *Rotec Industries*, 436 F. Supp. 2d at 933 (citations omitted).

Of course, the court has ruled at the pleading stage; it has not resolved the parties' competing factual contentions because adequate time for discovery has not passed. *See* Fed. R.

---

[2] Some of the assertions made in Sirob's memorandum in support of the instant motion follow statements made in Boboris' declaration dated January 5, 2016. (*Compare* ECF No. 48 at 5–8, *with* ECF No. 48-3 ¶ 10–14.) Sirob does not cite Boboris' declaration to support those propositions, though it cites his declaration elsewhere in that memorandum. (*Compare* ECF No. 48 at 3, *with id*. at 5.) Accordingly, the court does not understand Sirob to be relying on Boboris' declaration to support its Rule 19 arguments. If Sirob intended to rely on Boboris' declaration, its memorandum does not give Cheese Depot adequate notice of that fact.

5

Civ. P. 56(d). But the court does not need to resolve those arguments under Rule 19 here because Livaditis has not "claim[ed] an interest" in the Chicago Agreement. Fed. R. Civ. P. 19(a)(1)(B). Instead, Sirob makes a claim for him here, arguing that he is the real party in interest. "It is the absent party that typically must claim" an interest to require joinder under rule 19(a). *Davis Cos.*, 268 F.3d at 483 (citing *United States v. Bowen*, 172 F.3d 682, 689 (9th Cir. 1999)) (other citations omitted) (finding party who was aware of action and disclaimed interest in contract did not have to be joined under Rule 19(a)). As for according complete relief among the existing parties, "when a person is not a party to the contract in litigation and has no rights or obligations under that contract, even though the absent party may be obligated to abide by the result of the pending action by another contract that is not at issue, the absentee will not be regarded as an indispensable party in a suit to determine obligations under the disputed contract." *Davis Cos.*, 286 F.3d at 484 (quotation and alteration omitted). Again, Cheese Depot has pleaded a plausible claim that it and Sirob are the parties to the Chicago Agreement, and so Sirob's contention that it will not obtain complete relief without Livaditis runs afoul of the rule that the phrase "complete relief" in Rule 19(a)(2) "refers only to 'relief between the persons already parties, and not as between a party and the absent person whose joinder is sought.'" *Id.* at 484 (quoting *Perrian v. O'Grady*, 958 F.2d 192, 196 (7th Cir.1992)). Sirob has not shown that Livaditis must be joined if feasible under Rule 19(a).

## Conclusion

For the foregoing reasons, the court denies the outstanding relief requested in Sirob's third motion to dismiss (ECF No. 48). Sirob's answer is due by December 1, 2016. Nothing in this order limits the scope of discovery, which generally reaches all of the properly pleaded claims and defenses. *See* Fed. R. Civ. P. 26(b)(1).

In accordance with Federal Rule of Civil Procedure 16, March 31, 2017 is set as the deadline to complete discovery. A status conference is set for April 7, 2017, at 9:30 a.m.

Date: November 17, 2016

/s/
Joan B. Gottschall
United States District Judge